## Hiram Vaughn, Administrator, *v.* A. J. Smith and others.

### April Term, 1877.

Reopening biddings at master's sale. — After the biddings at a master's sale have once been opened, they may be again opened before confirmation, at the instance of the original purchaser, upon an advance of ten per cent, and a satisfactory excuse for not bidding before the master.

*Dodd*, for petitioner.
*Purchaser*, for self.

The Chancellor : — In this case, land was sold by the master, and the sale reported to the present term, and the biddings opened upon an advance by W. W. Southgate in conformity with the practice of the court. Public notice was given by advertisement in the *Nashville Banner* that bids would be received within the time prescribed by the

order, and one Woods Smith made the last and best bid, and is reported as the purchaser. Before the confirmation of the report, Southgate applies by petition to be allowed to advance ten per cent on the bid of Smith, and to have the biddings opened again. He states in his petition, which is sworn to by him, that the clerk informed him he would advertise for advanced bids, and the petitioner looked frequently in the *American,* the leading daily paper of Nashville, for the advertisement; that it did not occur to him that the advertisement would be made in the evening paper, the *Banner,* and that he did not see or know of the advertisement in the latter paper until after the bids were closed. The petitioner tenders notes for the advance bid offered by him.

I had occasion at the last term of this court, in the cases of the *Mound City Mutual Life Insurance Company* v. *Hamilton,* and of *Mayo* v. *Harding,* to consider the question of again opening the biddings after they had once been opened. I then came to the conclusion that the biddings might be reopened, even after confirmation of the sale made under the order opening the biddings, upon sufficient cause shown; and that, where the application was made at the same term, the cause was sufficient which showed a reasonable excuse for the petitioner failing to make the advance offered within the time originally prescribed. In one of these cases, the excuse was the same now made, although it was supplemented by the offer of such an advance as demonstrated its good faith. In this case, the advance is only ten per cent on the bid sought to be opened; but it comes before the confirmation of the master's report, and, therefore, before the bidder had acquired the rights of a purchaser by the consummation of the bargain. It is true, as I held in *Mayo* v. *Harding,* that, even after confirmation, an application during the same term is addressed to the discretion of the court, for the decree of confirmation may be set aside as of course for sufficient

reason. Up to confirmation, however, a bid gives the bidder no other rights than those he had before the master, — that is, a right to the property if no one advances over him. The master cannot enlarge the time of the biddings beyond the period fixed by the order under which he acts, but the court may. The power cannot, however, be evoked except upon good cause.

The excuse in this case is, I think, sufficient. If the notes tendered with the petition are satisfactory to the master, or, should it be otherwise, and the petitioner will tender satisfactory notes by five o'clock, P. M., to-morrow, the master may open the biddings until twelve o'clock, M., on Saturday next, without further advertisement, and report the result. Otherwise, the present report will be confirmed.